IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEAN PAUL LAUREN,<br><br>               Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY,<br>JOHN PAXTON, and BRENDA<br>YORK,<br><br>               Defendants. | CV 17-62-BU-BMM-JCL<br><br><br>ORDER, and FINDINGS AND<br>RECOMMENDATION |

Before the Court is Defendants John Paxton and Brenda York's motion requesting dismissal of the claims under the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12132. For the reasons discussed, the Court recommends the motion be granted, and the referenced claims against Paxton and York should be dismissed.

But Plaintiff Jean Paul Lauren moves to amend his pleading. Thus, the Court will grant Lauren's motion to add different claims against Paxton and York.

## I.    Background

Plaintiff Jean Paul Lauren, appearing pro se, commenced this action alleging

Defendants failed to make reasonable accommodations for his disabilities while he was attending Montana State University, and they terminated his schooling. Lauren's pleading, however, did not expressly identify any particular legal claim against Defendants. Therefore, in view of his pro se status and his asserted disabilities, the Court, as it is obligated to do so, liberally construed his pleading to advance a claim under the ADA. So construed, the Court ordered the Defendants to respond to Lauren's pleading.

## II.    Discussion

Although the Court characterized Lauren's claim as one advanced under Title II of the ADA, Title II is limited in its application in that it governs the actions of a public entity, not an individual. Therefore, the ADA does not impose individual liability against a state official in his or her individual capacity. *Heinke v. County of Tehama Sheriff's Dept.*, 2013 WL 3992407, *7-8 (E.D. Cal. 2013). *See also Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (concluding a plaintiff cannot pursue a claim under 42 U.S.C. § 1983 against an individual state official predicated upon a violation of Title II of the ADA). Therefore, Defendants Paxton and York's motion to dismiss is well-taken, and the Title II claims should be dismissed to the extent they are pled against Paxton and York.

But Lauren filed a "Motion of Addendum" requesting leave to add claims of libel, defamation, and slander against Paxton and York. Under the procedural timing of Lauren's request, the Court finds the request falls under Fed. R. Civ. P. 15(a)(2) which permits a party to amend a pleading with the Court's leave. And Rule 15 requires that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted to facilitate resolution of cases on their merits. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Therefore, the Court will grant Lauren's motion for leave to amend.

## III.  Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Paxton and York's motion to dismiss be GRANTED, and Lauren's claims under Title II of the ADA should be DISMISSED only to the extent they are advanced against Paxton and York.

IT IS FURTHER ORDERED that Lauren's motion for leave to amend is GRANTED. On or before **February 26, 2018,** Lauren shall file an amended pleading restating and setting forth all of his claims he intends to plead against Defendants. An amended complaint supersedes the prior complaint and must be complete in itself, without incorporating by reference any prior or superseded pleading. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir.

2015); *Snyder v. HSBC Bank, USA, N.A.*, 873 F. Supp. 2d 1139, 1155 (D. Ariz. 2012).

DATED this 29th day of January, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge