IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEAN PAUL LAUREN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY, CRUZADO, JOHN PAXTON, and BRENDA YORK,<br><br>Defendants. | CV 17-62-BU-BMM-JCL<br><br>ORDER |

Before the Court are three motions filed by Plaintiff Jean Paul Lauren, appearing pro so in this action. In his first motion, he requests the Court allow him, at his own expense, to engage an independent forensic examiner to conduct an electronic search of Defendants' emails. For the reasons discussed, the motion is properly denied.

Lauren has available to him the discovery procedures prescribed in the Federal Rules of Civil Procedure which will allow him to seek discovery of emails. Specifically, for example, he may obtain deposition testimony from witnesses as permitted under Fed. R. Civ. P. 30 and 31, he may submit interrogatories to parties under Fed. R. Civ. P. 33, and he may make requests for production under Fed. R. Civ. P. 34. And if, upon Lauren's review of Defendants' responses to his discovery

1

requests, he find the responses are improper or insufficient in violation of the rules of discovery, then he has specific remedies that are available to him under other rules of procedure such as Fed. R. Civ. P. 37.

And as the Court informed Lauren at the hearing on May 8, 2018, any litigant in a civil action may have legally appropriate reasons for withholding certain materials from disclosure through the discovery process. For example, certain materials, i.e. emails and other documents, may be protected against discovery due to the existence of the attorney-client privilege, or based on the attorney work product doctrine. Therefore, as the Court told Lauren at the hearing, a litigant is not permitted to have unrestricted, free-reign access to all of an opposing party's documents, emails and information. Thus, IT IS HEREBY ORDERED Lauren's motion to allow him to conduct a forensic electronic examination of Defendants' emails is DENIED.

Next, Lauren filed two motions for leave to add new claims in this action. He moves for leave to include a defamation claim against President Cruzaddo, and he requests leave to add a claim, or claims, under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.

But, pursuant to the Court's Order entered May 9, 2018, Lauren filed an "Amended Complaint" on May 21, 2018, in which he alleges he is suing President

Cruzado for defamation, and that he is asserting claims under RICO. Therefore, in view of Lauren's Amended Complaint, his motions requesting leave to add his RICO and defamation claims are moot and, accordingly, IT IS HEREBY ORDERED Lauren's motions to amend are DENIED.

DATED this 24th day of May, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge