IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEAN PAUL LAUREN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY, WADED CRUZADO, JOHN PAXTON, and BRENDA YORK,<br><br>　　　　　Defendants. | CV 17-62-BU-BMM-JCL<br><br><br>FINDINGS AND RECOMMENDATION |

　　This matter is before the Court, as directed by the Ninth Circuit's remand, upon pro se Plaintiff Jean Paul Lauren's motion requesting the Court reconsider its Order entered December 6, 2018, dismissing this action. For the reasons stated, the Court recommends the motion be denied.

　　On July 30, 2018, the undersigned United States Magistrate Judge issued findings and recommendation that this action be dismissed. Specifically, the Court found Lauren's Second Amended Complaint failed to set forth sufficient factual allegations to state a claim (1) for defamation, (2) under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., (3) for denial of access to Montana State University's facilities under Title II of the Americans with Disabilities Act ("ADA"), (4) under 42 U.S.C., Chapter 21, or 42 U.S.C. § 1983,

1

(5) under the "Age Discrimination Act of 1975" at 42 U.S.C. §§ 6101-6107, and (6) under the "Federal Race protection laws" referenced by Lauren. The Court further concluded Lauren had not exhausted his administrative remedies applicable to his discrimination claims – he had failed to file a discrimination charge with the Equal Employment Opportunity Commission.

The Court's July 30, 2018 recommendation also addressed Defendants' Fed. R. Civ. P. 56 summary judgment motion. The motion requested dismissal of Lauren's claim under Title II of the ADA alleging the Montana State University failed to provide adequate academic accommodations for his disabilities, and discriminated against him by dismissing or terminating him from the University's graduate program. The Court found Lauren's claim accrued on March 5, 2015, when the University wrote to Lauren informing him he was not eligible for full admission to the Computer Science Department, and that his status as a graduate student was terminated. In making that finding, the Court noted that in response to the summary judgment motion Lauren had not presented any evidentiary materials suggesting his ADA claim arising from his termination from the graduate program at the University had not fully accrued by the date of such termination on March 5, 2015. (Doc. 73 at 21.) Thus, based on that March 5, 2015 letter, the Court concluded Lauren's claim was barred by the applicable statute of limitations under

Mont. Code Ann. § 49-2-501(4).

By Order entered December 6, 2018, District Judge Brian Morris adopted the referenced July 30, 2018 findings and recommendations in full. The Court dismissed this action and entered judgment in favor of the Defendants.

On December 13, 2018, Lauren filed his motion for reconsideration. His motion references and relies upon his objections to the Court's July 30, 2018 recommendations which Lauren untimely filed on December 6, 2018, well beyond the 14-day deadline for his objections prescribed by 28 U.S.C. § 636(b)(1). In the referenced objections Lauren asserts his discrimination claim under Title II of the ADA is not barred by the applicable statute of limitations because Montana State University has continued – in 2016 to 2018 – to deny Lauren's subsequent requests for re-admission to the University with accommodations for his disabilities.

Local Rule 7.3 governs motions for reconsideration. Significantly, the rule first requires a party to obtain leave of court prior to filing a motion for reconsideration. L.R. 7.3(a). Lauren failed to first obtain leave of court before he filed his motion for reconsideration. Thus, his motion is subject to denial.

Additionally, Local Rule 7.3(b) permits reconsideration only of an interlocutory order. Lauren seeks reconsideration of the Court's December 6, 2018 Order dismissing this case. But that order was a final ruling on which a final

3

judgment was entered, and it was not an interlocutory order.

Next, Local Rule 7.3 permits leave to file a motion for reconsideration only upon a showing of one of the following:

(1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*

(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

(2) new material facts arose or a change of law occurred after entry of the order.

L.R. 7.3(b)(1) & (2).

Here, although Lauren is referencing facts and events he asserts are relevant to the accrual of his ADA claim and which may be different from the facts and events that were before the Court by the date of its December 6, 2018 Order, Lauren has made no effort to demonstrate he did not previously know of such facts and evidence despite his exercise of reasonable diligence. Additionally, Lauren's arguments for reconsideration are based on facts that arose from 2016 to 2018 prior to the Court's December 6, 2018 Order, not facts that arose after the Order. Thus, Lauren has not satisfied the criteria for obtaining leave of court to file a motion for reconsideration.

Finally, the Court concludes that Lauren's arguments for reconsideration fail

4

on their merits. As the Court noted, Lauren's ADA claim was predicated upon his assertion that Montana State University dismissed or terminated him from the University in violation of his rights under the ADA. (Doc. 73 at 16.) Again, the Court found that claim accrued as of the date of the March 5, 2015 letter from the University terminating Lauren from the graduate program. Consequently, the evidence of the University's denials of Lauren's subsequent requests for re-admission to the University have no bearing on the issue of when his claim predicated upon his termination from the University accrued. Lauren's termination, and the accrual of his ADA claim occurred on March 5, 2015, and the evidence Lauren now argues does not affect that finding.

Based on the foregoing, IT IS RECOMMENDED that Lauren's motion for reconsideration be DENIED.

DATED this 7th day of May, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge