# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JEAN PAUL LAUREN, <br><br> Plaintiff, <br><br> vs. <br><br> MONTANA STATE UNIVERSITY, WADED CRUZADO, JOHN PAXTON, and BRENDA YORK, <br><br> Defendants. | CV-17-62-BU-BMM-JCL <br><br> ORDER |

Plaintiff Jean Paul Lauren requested that the Court reconsider its Order (Doc. 82) adopting the findings and recommendations of United States Magistrate Judge Jeremiah Lynch, (Doc. 73). Judge Lynch recommended that Montana State University's motions for failure to state a claim and for partial summary judgment should be granted and that the matter should be dismissed. (Doc. 73). The Court adopted Judge Lynch's recommendations and dismissed the case. (Doc. 82).

Lauren filed a motion for reconsideration, (Doc. 85), and, shortly after, a notice of his appeal to the Ninth Circuit, (Doc. 86). Judge Lynch denied Lauren's motion for reconsideration as moot. (Doc. 87). The Ninth Circuit remanded for the limited purpose of allowing the Court to rule on the motion for reconsideration on the merits. (Doc. 91).

The Ninth Circuit directed Lauren to file a written notice to the Ninth Circuit within 14 days after the *district court*'s ruling on the pending motion for reconsideration. (Doc. 91). Lauren filed his notice of appeal after Judge Lynch had entered findings and recommendations, but before this Court had ruled on his motion.

Judge Lynch recommended that Lauren's motion for reconsideration be denied. (Doc. 93). Lauren attached Judge Lynch's findings and recommendations to his amended notice of appeal and requested a court-appointed attorney and extra time. (Doc. 94). Lauren did not file objections to Judge Lynch's findings and recommendations. The Court construes Lauren's notice of appeal as objections to the findings and recommendations due to the Court's duty to construe pro se pleadings liberally. *See Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

The Court reviews de novo the portions of the findings and recommendations to which Lauren objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error any portion to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch denied Lauren's motion for reconsideration based on the following reasoning: (1) Lauren failed to seek leave of the court prior to filing a motion for reconsideration per Local Rule 7.3(a); (2) Local Rule 7.3(b) permits only reconsideration of an interlocutory order, and Lauren sought review of a final ruling; and (3) Lauren failed to otherwise satisfy the standard to permit a motion for reconsideration under Local Rule 7.3(b)(1) & (2).

Local Rule 7.3(b)(1) and (2) present the standard for a motion for reconsideration. A litigant must show that either (1) the facts or law are different from the facts or law previously presented to the court, and despite the exercise of reasonable diligence, the party did not know such facts or law; or (2) new facts arose or the law changed after the entry of the order. L. R. 7.3(b)(1) & (2). Lauren does not point to any previously unknown facts or changed law and therefore does not meet the standard for a motion for reconsideration.

Judge Lynch accurately analyzed Lauren's motion for reconsideration under the Local Rules. If Lauren disagrees with this Court's denial of his motion for reconsideration, he should file a notice pursuant to the Ninth Circuit's instructions within 14 days. (*See* Doc. 91).

**IT IS ORDERED**:

1. Judge Lynch's Findings and Recommendations (Doc. 93), are

    **ADOPTED IN FULL.**

2. Lauren's motion for reconsideration is **DENIED.**

3. The Clerk is directed to enter judgment accordingly.

DATED this 1st day of November, 2019.

Brian Morris
United States District Court Judge